and HCA. And Mr. Dunn, representing HCA, we'll hear from you first. May it please the Court, Your Honor. This is John Dunn. I represent HCA, Inc. in this matter. This is obviously something completely different from what's been going on so far this morning. Hopefully it's a good relief from the criminal cases. This is in some ways an insurance case, in some ways not an insurance case. HCA obtained an insurance policy from Ace, which had a $1 million deductible. ABM, which had a services agreement with HCA for providing, among other things, shuttle bus drivers, had an insurance policy with Liberty Mutual. There was an accident at Methodist Hospital, which is a subsidiary of HCA, and that accident resulted in some damages to a lady named Miss Easley. We are here dealing with the issue of who should be paying for Miss Easley's settlement and the issues relating to that underlying matter. I think there are a couple of things I want to go through in my argument. Why don't you just, for the purpose of setting out the argument, the district court ruled against you. And tell us exactly, as briefly as you can, one, two, three, four, what the district court held that tagged you with the liability. Okay. First off, we have two competing policies. They found that the Ace HCA policy was primary over the Liberty Mutual policy. Second, the court then found that Ace had absolutely no liability under the Ace HCA policy and then moved that liability to HCA. To the deductible. Correct. Correct. They moved the liability from the insurance company to the insured. And I completely agree that Ace has no liability in this matter. The next step, though, was the court then said HCA either insured or indemnified ABM, which is contrary to the agreement between HCA and ABM, and that resulted in the court finding that HCA was liable in the underlying case. That agreement is not before us. I believe it is before you. It was part of my motion for summary judgment, so it was part of the response to their motion for summary judgment. I proved up that agreement. The whole reason ABM had the right to be driving the shuttle buses is because of that services agreement, which says they are to be operating the shuttle buses. But there's an indemnity agreement between ABM and HCA. Correct, and that's in the services agreement. Okay. And it flows from the ABM to the HCA side. So the first question is, which policy is primary? We don't have two equal policies to compare here. The ABM policy has a $1 million policy limit. The HCA policy has a $3 million limit, but it doesn't start until the $1 million point. And it appears that everybody agrees HCA is completely self-insured up to the $1 million mark. Self-insured, but maybe I'm injecting issues that are not part of this case. But didn't both policies have a duty to defend? The liberty mutual policy and the HCA, but it doesn't have a duty to defend until you reach the $1 million. The $1 million extended to the defense. Yes. Well. That's my reading of the policy. So we don't have equal policies here. And everybody agrees HCA is self-insured. Judge Barks ruled that Ace has no liability in the matter because their liability only starts at the $1 million mark. Liberty Mutual did not appeal that ruling. They agree. We're self-insured. If Ms. Easley had decided to sue Methodist Hospital or HCA, we would have been self-insured in that case. So when you talk self-insured, you're basically talking about no insurance. So you had no insurance up to $1 million until you reached over $1 million. Correct. We are insuring ourselves for any loss that's under $1 million. So everyone agrees. And Texas law is very clear. If you have a self-insured party, then the other insurance clause doesn't kick in because there isn't the other insurance. A self-insurer does not assume all of the responsibilities that an insurance company assumes. So we don't assume the responsibility for providing a defense or indemnity or insurance to anybody else unless we expressly agree to provide them with liability insurance. And there's three big cases on this from Texas, all dealing with rental cars. And rental cars are a very similar situation to what we have here. The rental car, you can either accept the insurance, the extra insurance, or you can decline the extra insurance. And you do this through an agreement between the renter and the car rental agency. In this case, the car rental agency would be HCA. We're the ones who own the shuttle buses. The renter is going to be ABM, which through the services agreement they signed with HCA, agreed to provide their own insurance and agreed to indemnify HCA in the event of any event. So help me here on this point because I've got to admit, the briefs were rather confusing to me and the district judge's order was confusing as well. Where did the district judge find that ABM or you had a duty to indemnify ABM? Where did that come from? He finds that in the insurance policy, the ACE-HCA policy. So the agreement between HCA and ACE has language in it that HCA agrees to pay any amounts that are due under the deductible. Is getting that out of the policy or the service agreement? That's under the policy. So in the agreement between HCA and ACE, there is this language and it's a 300-page policy and they find one sentence in there that says that HCA agrees to pay the amounts that are due under the deductible. That language, though, doesn't make it as either an insurance agreement or as an indemnity. The three rental car agency cases all dealt with this issue of if you decline getting insurance from the rental car agency, then it is your personal liability insurance as the operator that is primary. So to put your argument in a nutshell, the district court erred because under the HCA-ACE policy, it looked to this language that ACE will pay all sums and insured becomes liable to pay subject to the $1 million. And the reason the district court errors is because you were not insured. You were self-insured or thus no insurance. And so the whole House of Cards falls on that. I believe that that's a big part of it. It falls under two of my arguments. It falls under one, who's primary. And the question under who's primary is you eliminate the self-insurance because the self-insurer does not have insurance. So you stick with the insurance which is provided for the operator of the vehicle, ABM. It also falls under the category of, well, even if you find the HCA policy to be primary, that language in there, I don't think it even qualifies as an indemnity. It clearly does not qualify as an insurance agreement. But even if you say, yes, it does qualify as an indemnity, it still doesn't make it because we still have the problems with the express negligence doctrine and the conspicuous requirement. Neither one of those are met through this insurance policy. Would you be making this argument if it was $1 million and $1 that the other one was the primary, that Liberty's policy is primary? Or are you only making it because it's either within what is either phrased as a self-insured retention or as the district court called it a deductible and said it didn't matter either way? I'm not sure I completely follow your question. But I think what you're saying is what if we had two equal policies, both policies? No, I'm saying assume the incident is $1 million, $1. So it goes into the why isn't that policy primary. You're saying it's not primary because it's the self-insured retention or the deductible. It keeps it from being the primary policy. But I'm asking if it was for a greater amount, wouldn't that policy that they got through ACE be the primary policy? And so you're just saying by the fortuitous circumstances that the incident is less than $1 million that you're switching who the primary and who the excess is. If the amount of the claim was $2.5 million, if that's what we were looking at, then what would be the responsibility of the parties is ACE would be responsible for the amount from $1 million to $2,500,000. ABM, through their insurance policy that they acquired with Liberty Mutual, would be responsible for getting us up to the $1 million mark. That's the agreement in the services agreement because it specifies what each party is going to do as far as insurance. It specifies that they will get. The HCA pays up to $1 million, and then ACE pays $1 to $1.5 because we're $1 to $2.5, whatever the typo was. Well, it's because the services agreement kicks in to say what happens under $1 million because that's what the policy limit is. So in answer to my original question, if this was you would say that the ACE policy is the For claims between $1 million and $3 million, yes. Yes. So you're only saying it's not primary because it just happens to be less than $1 million. It wouldn't be primary for any claims that are between $0 and $1 million. So even with a claim that's over $1 million, the amount between $0 and $1 million would still be handled differently than the amount between $1 million and $3 million. And that assumes because the $1 million deductible is tantamount to self-insurance. It is self-insurance because with what you would traditionally call a deductible, the insurance company is responsible for going in and taking care of the case immediately, whether the deductible is paid or not. With a self-insured retention, they don't have any responsibility until that $1 million level is met. Zero responsibility. Zero responsibility until HCA pays $1 million. Correct. But that doesn't change the policy. If you say this is a self-insured retention and it's not part of a policy, the primary policy is still the ACE policy. You admitted that it was. So it doesn't switch over to the liberty policy or whatever you would call it just because there's a self-insured retention. It doesn't make the other one primary, which is what you're doing. You're switching off the primary depending on the self-insured retention. And, Your Honor, I would respectfully disagree. I think that anything under $1 million, even if any part under $1 million, is going to be under the self-insured retention no matter what. You've got to be above that amount. And the Fifth Circuit's ruled that way twice. There's the HEB case versus National. You're saying there's no policy at all involved until you reach a million. Correct. The only thing of that, there is no policy. Correct. The self-insured retention is part of the policy. It is part of the policy, but it is not insurance that inures to the benefit of ABM until you get past that $1 million mark at best. But it's part of a policy that is the primary policy under all other circumstances. So it doesn't switch to secondary or to being second in line. That's not the proper insurance term, but you know what I'm saying. Yes. Just because you're within that area that the policy provides is paid for by the insured. It does under all of these Texas cases because these Texas cases make it clear that you ignore the self-insured party as part of determining which policy is primary. But even if we get past that stage and we say, okay, let's say the ACE HCA policy is primary, why should HCA be the one who pays up to the million-dollar claim? It has to be. That's what HCA bargained for in some kind of strange bargain, but it's a sophisticated consumer, and it is not the best deal, obviously, as Judge Sparks readily says, but that's what the papers say. Right, but you've got to have a reason why HCA is liable, and they're either liable because they agreed to insure ABM or they're liable because they agreed to indemnify ABM. Now then, insurance is when I pay a premium and you agree to cover specified losses. Well, we don't have an agreement between HCA and ABM where HCA received consideration from ABM in exchange for agreeing to cover specified losses. So we don't have insurance. So then the question is, do we have an indemnity? And an indemnity is when a party who is only passively liable is sued and seeks indemnity from the party who is actively liable. In this case, the party who is actively liable is ABM. They're the ones who are operating the shuttle bus when this accident happened. But the services agreement makes it clear in this situation it is ABM that is indemnifying HCA, not HCA indemnifying ABM. If you find that HCA is responsible for all these damages in this case, then you're basically saying that HCA's whole liability is predicated upon purchasing insurance, which really does not make a ton of sense. The party who purchases insurance is trying to protect themselves, and yet in this case it's created liability. And I see that I'm out of time, and so I will reserve until my rebuttal. Thank you for your time. Thank you, Mr. Zahn. Mr. Peabody, representing Liberty Mutual, we'll hear from you. May it please the Court. My name is Eric Peabody, and I represent Appalachia Cross Appellant, Liberty Mutual Fire Insurance in this case. Your Honors, this case does present very specific, established rules regarding contract construction and insurance law. The policies are standard commercial auto liability policies. The only wrinkle in this case is the large — But why would HCA ever agree to insure its subcontractors? I mean, that's unusual, isn't it? Your Honor, it's perhaps a little bit unusual, but certainly not unheard of. But where did they do that in this case? Where did they agree to provide insurance? In the insurance policy itself, Your Honor. This policy, again, despite opposing counsel's attempts to recast this as self-insurance, it is not self-insurance. As this Court itself has noted, an insurance policy, the existence of an insurance policy is kind of the hallmark of an insurance relationship. So there is an insurance policy, I'll grant you that, but there's a deductible of 1 million bucks, and so there's no duty to defend and no duty to provide indemnification until 1 million dollars is reached. So how is there even an agreement to provide insurance to the shuttle bus driver? Your Honor, I disagree that there is no obligation on the part of HCA to provide defense and indemnity to third parties in this case, because what the deductible endorsement says at the very top is — or, I'm sorry, number three, is you, and that is HCA under the policy, the name insured, will pay all sums the insured, any insured, which includes permissive users of its vehicles like ABM, pay all sums that they become legally obligated to pay within the deductible per accident. All right. Now, assume that that is self-insurance. Where are you there then? Your Honor, obviously, we would disagree that it's self-insurance. I understand that. But, yeah, I mean, if the Court holds that that is self-insurance, then it is not other collectible insurance under Liberty's policy. But, again, Your Honor, I would just stress that this is not self-insurance, because what the Texas — It would be hard to convince HCA that it was not self-insurance for putting a million dollars out. Well, Your Honor, but the difference in this case, and the difference with all of the three car rental cases that HCA relies on, is that in this case, HCA did specifically agree to cover both defense costs and indemnity for the permissive users of its vehicles. And so I would direct the Court to the Hartford v. Budget Rent-a-Car case, which is also another car rental case. In that case, Budget agreed to provide liability insurance to the drivers. And in the resulting coverage action, the Budget argued that that was self-insurance, that they were a certified self-insurer and that they were only providing self-insurance up to this $100,000 self-insured retention. And the Court disagreed. The same Court that decided earlier that certified self-insurers do provide self-insurance. And what they, the basis for the distinction is that Budget agreed to provide all of the benefits of a standard liability insurance policy. They agreed to defend the insured. They agreed to indemnify third parties, the user of their vehicle. It's the fact that the benefit inures, that the policy or the agreement inures to the benefit of a third-party beneficiary unless it falls within a class of beneficiaries that are covered by the, or do have coverage under the policy. That's correct, Your Honor. And in this case, ABM is an intended third-party beneficiary because it is specifically an insured under the ACE policy. Because it's a permissive user of HCA's vehicle. I follow that, but I mean, why aren't they an intended beneficiary up to just everybody else who is being insured, and that is if you don't get any defense and you don't get any indemnification until a million dollars is reached? Your Honor, I'm not sure that I quite understand the question, but I think it's because in the deductible endorsement, and this goes back to Judge Elrod's point, the deductible endorsement, all it does is allocate the financial responsibility for the defense and indemnity of these third parties. It doesn't change the obligation. All it does is says, within the million-dollar deductible, HCA, you are going to be responsible for paying those amounts. After a million dollars, ACE is responsible for the costs of defense and indemnity. So it doesn't eliminate the insurance relationship. This is not the kind of case where you have a self-insured retention. Sometimes it happens that you have an excess insurance policy and it lists a self-insured retention for the insured there, you know, like a million dollars. That's what most companies do, isn't it? When they just say, we have a self-insured retention and then we have an excess policy. That's what the clients I had, that's how they would do their business. Is that the normal? Exactly, Your Honor. And that's very typical with — and in that case, what has happened here is that HCA is attempting to exploit, and I will grant that there is a lot of imprecision and inconsistency in the use of the terms deductible and self-insured retention. Because, you know, some authorities state that, you know, if it's covering defense costs, then it's really a self-insured retention and not really a deductible. Other cases, for example, with an excess policy, you may have a self-insured retention for the — for the named insured. And that can be true self-insurance. How do you respond to Judge Sparks' suggestion and actually, I think, maybe express words, to the effect that he rules this way, but he acknowledges that it's an absurd result? Well — How do you respond to that? Your Honor, I think that it's — I think that Judge Sparks was perhaps frustrated because he knew that H — ABM had its own insurance policy. But this is — this is very — I mean, if it is an absurd result, then it is an anomaly and not anything that's necessarily consistent with insurance law or practices. Yes, Your Honor. Your Honor, I don't think that it's inconsistent with insurance law at all, because what has — Judge Sparks sure thought it was. Well, I think that he just believes that because HCA assumed this large deductible in its policy, that this was perhaps, as Judge Elrod said, a bad bargain. But, you know, HCA is also going to receive some benefit for that. For having a $1 million deductible in its policy, I can almost guarantee you that they paid a much lower premium for this policy than they would have paid if ACE had assumed $1 defense and indemnity costs. So — So to this — Go ahead. I'm sorry. Basically, HCA, though, inherited employees. They thought they were getting independent contractors. Well, but ACE and HCA agreed in the policy that they would provide primary coverage for all permissive users of their vehicles. And there's no debate that the parties stipulated that ABM, Amco, and the driver of the shuttle bus were all using that shuttle bus with HCA's permission. So they were permissive users and omnibus insurers under the ACE-HCA policy. So to the extent that Judge Sparks said that it doesn't matter whether they're self-insured retention or deductible, that's not technically correct. Your Honor, I think that that is technically correct. I think what — He says it doesn't matter. I think whether you call it a deductible or a self-insured retention in this case does not — A rose is a rose. It smells sweet, you know, all that. Well, no, you told me that if it is considered self-insurance, that you lose. That's — and again, Your Honor, I agree with that, but it's not self-insurance because you have to look at the relationship between the — But Judge Sparks, on the other hand, said it didn't matter. But you're saying it does matter because if it is self-insurance, I'm out. Your Honor, I'm saying that self-insured retention is not necessarily self-insurance. That's my point. You can have a self-insured retention in this case that covers both indemnity and the defense of third parties, and it's that contracting intent to cover the liability of third parties which makes this insurance and makes it not self-insurance. Because self-insurance, as this Court has recognized, is really a misnomer. In the Duval case from this Court which cited one of the Texas Court of Appeal rental car cases, Robineau, the Court said self-insurance is a misnomer because it doesn't provide insurance at all. Let me make sure I understand your argument, though. So you're saying you win because your driver isn't insured and the policy covered him. Are you making any arguments that you win because HCA agreed to indemnify ABM? Not because they agreed to indemnify in a separate contract for services, but because they agreed to insure them in the HCA policy. They agreed to assume the financial responsibility for the defense and indemnity of third parties, including ABM, within that deductible amount. So you rely solely on the terms of the insurance contract itself? Yes, Your Honor. And I think that that's the only contract that this Court should be looking at. The services agreement, which Mr. Dunn referred to, as Judge Elrod correctly noted, that was not before the district court. As a matter of fact, HCA brought in ABM to litigate this indemnity obligation. They brought them in as a third party, and then they dismissed them, said that that they would do that, they would handle that issue separately later in arbitration. In their motion for summary judgment, HCA specifically says, this motion does not address the indemnity between HCA and ABM. Also, at the very beginning of this case, when we were first, when the tender was first made, the ACE and HCA responded to that tender, saying, Liberty, your policy is primary because there's this indemnity agreement in a services contract between HCA and ABM. They subsequently abandoned that argument. They didn't raise it in their motions for summary judgment, and the district court also noted that that argument was abandoned. Well, opposing counsel said it was going to make, he was going to make several other arguments that we didn't quite get to about express negligence and that sort of thing, but the district court determined those weren't timely and were barred. Is that correct, or is that, or am I wrong on that? That's correct, Judge Elrod. Those were raised first in their motion for reconsideration. They were never part, I mean, this whole attempt to recast this insurance policy as an indemnity agreement in a contract for services, that also wasn't part of HCA's argument down below at all. It wasn't really until the motion for consideration that they appeared to come up. Did they argue that the express negligence requirements applied to the insurance policy itself timely? No, they did not, Your Honor. The express negligence fair notice requirements, that was only raised in their motion for reconsideration. Your Honors, if I might, I'm almost out of time, and I'd just like to briefly address one point of our cross-appeal, which is the request that the Court reverse the district court and hold Ace jointly and severally liable for the underlying defense costs and also for Liberty's fees in bringing this suit. Texas law permits the imposition of joint and several liability in breach of contract cases based on the relationship of the parties, the existence of what amount to joint promises, and the extent of liability for the harm caused. I think it's really important to note here that Ace coordinated the coverage denial with HCA before the value of the claim was known. Ace now asserts that it has no liability because the amount of the underlying settlement defense costs are within HCA's deductible, but that amount is wholly fortuitous. Ace couldn't have ruled out the possibility of its own potential liability at the time it coordinated and sent that denial. Ace did not refer Liberty to HCA for a determination of coverage. It didn't refer Liberty to the third-party administrator for that determination. Instead, what they did is they intentionally asserted a position that would benefit itself and its named-insured HCA to the detriment of its other omnibus-insured ABM. So because Ace was actively participating in breaching the policy, the breach, which was the denial of primary coverage, which necessitated this action, Liberty requests that the Court reverse the district court on that issue and hold Ace jointly and separately liable. For the fees? For the underlying defense costs and also for the fees in this case, Your Honor, yes. Thank you. Thank you, everybody. Thank you very much. Ms. Nichol, we'll hear from you next. May it please the Court, I'm Marjorie Nichol, and I represent Ace American Insurance Company. There are a lot of issues here between HCA and Liberty. Some of them are very confusing. One thing that's not confusing, Ace does not owe any money here. That's very clear from the policy. The duty to defend was expressly given to HCA with no duty on the part of Ace within the first $1 million. That is what Judge Sparks also found. Is the only claim of your liability here the joint and several liabilities? That appears to be what Liberty is claiming. Is that the only liability they're trying to tag you with? I believe so. Under Texas law, one of the primary cases that we all cite in our brief, it's called CTTA from the Austin Court of Appeals, talks about what you have to have to have joint and several liability for a breach of contract, and you have to have a joint promise. There was no joint promise by Ace to defend within the first $1 million of coverage. Liberty is saying here today that, well, at the beginning, we couldn't possibly know that the value of that case would be less than $1 million. Actually, we could. This case arises from a one-car accident in a parking lot, a shuttle bus that hit a pole. The woman who was injured had injuries to her ankle. Ace did, in fact, assume from the very beginning this would never reach $1 million, and that's precisely why it filed a 12p6 in front of Judge Sparks, arguing that the case was not ripe against Ace and that it never would be, even though we didn't know at that time that it really would settle for far less than $1 million, which it did. Does Ace just want to be neutral and not take a position that whether the Ace HCA policy is primary? What's the point of that? It doesn't really matter because... But don't you have to say, this is, our policy is the primary policy, but we're not, because it doesn't reach the amount because of the deductible. It's normal that you would send a letter in response to some other letter that your policy was the primary. That's the only thing here that seems that you... I don't understand why you didn't do the normal thing. Well, Your Honor, it is true that in the very first letter in response to the very first letter from Liberty Mutual, that issue was not raised. But in the very second letter on April 4, 2013, which is ROA 1168-69, Ace did, in fact, raise that million-dollar deductible, and that was four months before, three months before the suit was even filed. Right, you're raising the deductible, but are you saying, yes, we are the primary policy? This policy is the primary policy as vis-à-vis the other policy. No, Your Honor, but there's no... Why not? That's not some distinct duty from the duty to defend. Is it your position that the other policy is the primary policy, or do you agree... Well, I do agree with HCA's position about the self-insurance, so then the other insurance clause would not apply. So your policy is not the primary policy, then? Our position is our policy is not the primary policy. On the other hand, it doesn't matter which one it is. Did you take that position in the district court ever? We did take it. Liberty Mutual says we were late in taking it. I don't believe that that's accurate. Did the district court make any determination whether you were late in taking it or not? The district court did say that we were late in making that argument. Okay. Well, that would be an important fact you'd want to tell us without a series of questions. All right. But our position is it doesn't matter what the priority is. There is still no duty on the part of ACE to pay within the $1 million. Okay. Thank you very much, Ms. McGill. Thank you. Mr. Dunn, you have time for rebuttal. May it please the Court? A couple of things I just want to bring up very quickly. First off, it is now clear that the liability of HCA is supposedly based upon HCA insuring ABM. This Court has set forth what are the requirements for an insurance contract and what are the requirements for an indemnity. For an insurance contract, what you need is for HCA to say to ABM, we are insuring you for the following events, and for ABM to say in response, okay, and we're paying you this premium. It is a contract. It has to be a contract between HCA and ABM. We don't have that. And we don't have a premium being paid. Are they claiming to be a third-party beneficiary of some sort? They are, but that wouldn't meet the definition of an insurance policy, according to this Court. This Court has said that it is a bargained-for exchange between the parties where one party pays a premium, and the other party agrees to insure against certain named perils. But ABM is trying to come under that phrase that permissive drivers are covered or insured. And I think that he is probably correct that if the claim was for $2 million, then they would be covered between that $1 million mark and that $2 million mark. But they're not going to be covered under the $1 million mark because HCA is self-insured for anything that's under $1 million. They don't have an insurance policy. They can't go to Ace and say, cover this amount. They are completely uninsured. They don't have a policy. There is, in fact, a policy that you can pick up and hold that deals with the part up to $1 million. Yes. It's a policy. I agree with that. It's not a separate self-insured retention. I agree that there is a policy you can pick up, but the response from Ace is going to be, this is your problem. We are not insuring you for this issue. And since they're not insuring us for it, we are self-insured during that time period of up to $1 million. Do you want to address the attorney's fees in that issue? I don't think they're entitled to the attorney's fees because there isn't an agreement where we agreed to insure ABM. And since that's the whole basis of the liability is that HCA agreed to insure ABM, if that fails, then the claim for attorney's fees also fails. But if the district court determined, if we agreed with the district court, what would be the legal basis to ignore the attorney's fees part of the case? There has not been so far. Judge Sparks is the only one who came close on this issue, but he did not find that there was a breach of contract at any point in time. And since he didn't find a breach of contract, there isn't a basis for attorney's fees under the Federal Declaratory Judgment Act. In State court, yes, the State court can do it. But in Federal court, you cannot do that. Federal court, you have to have the breach of contract first. Can you answer the determination on that question? Because otherwise there's not a basis for not awarding these fees. There is not a basis for awarding these fees because, first, there is no liability upon HCA, and, two, there wasn't any breach of contract by HCA. But assuming there is liability, then it has to come up through the contract. So, therefore, it's a breach of the contract. Yes, they would need to have a breach of contract in order to recover the attorney's fees. And you're saying there's no contract. There is one contract, and that's the services agreement. And, yes, the services agreement is 100% before this court, is 100% before the district court. We attached it to our motion for summary judgment. We argued about it in our motion for summary judgment. I'm pretty sure we also talked about it in our reply to their motion for summary judgment. Nobody asked that it be struck. Nobody ever asked that it be struck except for ABM. They said that a different agreement applied, but they didn't present an affidavit for that agreement, and that agreement on its face didn't apply because it was from 1997 and it had a five-year term. The agreement that we attached went into effect two months before this incident took place, and it specifically said that it supersedes all prior agreements between the parties, and it says that any services ordered after the date of this agreement are covered by this agreement. There are a lot of disputes that the contract is what it says it is. Nobody has come forward and says it says something different than what it says. Or that it's somehow not authentic. No, nobody has said that. Okay. I think we have your case as best we can. We'll see if we can unravel. Yes, indeed. Thank you.